DUNDON *v.* GRAND TRUNK WESTERN RAILROAD CO.

APPEAL AND ERROR—MASTER AND SERVANT—FINDING OF DEPARTMENT—EVIDENCE.

> Finding of department of labor and industry is affirmed on appeal from denial of employer's petition to stop compensation where there is some evidence to show that employee's present condition is due to fall from ladder while repairing a door track for employer.

Appeal from Department of Labor and Industry. Submitted January 16, 1934. (Docket No. 17, Calendar No. 37,416.) Decided March 6, 1934.

Richard E. Dundon presented his claim against Grand Trunk Western Railroad Company for an accidental injury sustained while in its employ. On petition to stop compensation. Petition denied. Defendant appeals. Affirmed.

*Leon F. Miner* (*Kerr, Lacey & Scroggie,* of counsel), for plaintiff.

*H. V. Spike,* for defendant.

BUTZEL, J. On February 13, 1929, Richard E. Dundon, plaintiff, suffered a compensable injury through a fall from a ladder while he was engaged in repairing a door track for the Grand Trunk Western Railroad Company, his employer. The report of the accident filed with the department of labor and industry reveals that he received a laceration of the forehead, a fracture of his rib and a sprain of his left shoulder and right wrist. Plaintiff

particularly complained of pain in the left shoulder. He was awarded compensation on April 27, 1929. On October 29, 1930, the employer filed a petition to stop or reduce compensation. It was denied by the deputy commissioner. About a year later a similar petition, filed by the employer, was disposed of by a letter from the commissioner. Subsequently, on December 23, 1932, the employer filed a third petition, in which he alleged that plaintiff had fully recovered from the injuries sustained on February 13, 1929, and that his present disability, if any, is not the result of such injuries, but is due to other causes. The deputy commissioner again refused to stop compensation. His order was affirmed by the full board, and defendant appeals from this decision.

Plaintiff contends that there is ample testimony to support the findings of the deputy commissioner and the affirmance thereof by the full board. He further claims that the employer has not sustained the burden of proving such a change in plaintiff's physical condition as to justify the termination or reduction of compensation.

Testimony was given at the hearing before the deputy commissioner by plaintiff and four expert medical witnesses produced by the defendant. One of these physicians, a roentgenologist, exhibited and reported on 25 X-ray photographs taken of plaintiff in different positions, including an exposure of the entire spine, the head, neck, shoulders and pelvis. Ten of these films were taken shortly before the filing of the first petition to stop compensation, and the remainder just prior to the proceedings on the present petition, all four of the physicians stating that there was practically no difference in the condition of plaintiff as shown by the two sets of pictures. The physicians positively testified that the

photographs reveal no trace of any fracture. They further asserted that plaintiff's suffering, as shown by the films, is due to chronic arthritic changes of the spine and right shoulder; that this condition is not the result of trauma, but is one frequently arising particularly in later life and is due to focal infection or other causes, and not to the injury. Plaintiff's condition here, however, could not be due to diseased tonsils or infected teeth inasmuch as they have all been removed.

On the other hand, supporting plaintiff's contention, one of the physicians testified that an examination of plaintiff in 1932 showed a marked limitation of the left arm, and resulted in a clinical diagnosis finding a pendicle adhesion of the left shoulder joint. This is significant, in view of the fact that plaintiff's left shoulder had been injured in the accident, and that he had complained of pain in the left shoulder and side ever since that time. Furthermore, plaintiff testified that he had been a well and strong man prior to the accident, never having had any pains in his back or joints before that time, and that the pain had been continuous since his injury. Plaintiff also testified that he repeatedly had returned to his employment, but owing to his condition, he had been unable to work.

We are much impressed with the medical testimony given by defendant's expert witnesses, all four of whom positively testified that plaintiff's condition is due exclusively to the osteoarthritis. However, we are neither triers of the facts nor weighers of the testimony. After reviewing the evidence, we find some testimony supporting the award. Under the circumstances, it is unnecessary to discuss the second question raised, as to whether any new testimony was offered by the employer showing a change

in plaintiff's condition since the time of the former hearing.

The award is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.